UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. '07 MJ 2592 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Hugo Alfredo HERRERA-Munoz,** | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **November 2, 2007**, within the Southern District of California, defendant **Hugo Alfredo HERRERA-Munoz** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Rogelio LOPEZ-Baez, Jose Hugo MARTINEZ-Enriquez,** and **Hector GONZALEZ-Martinez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5th** DAY OF **NOVEMBER, 2007**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Hugo Alfredo HERRERA-Munoz

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Rogelio LOPEZ-Baez, Jose Hugo MARTINEZ-Enriquez**, and **Hector GONZALEZ-Martinez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 2, 2007 at approximately 8:30 a.m., Border Patrol Agents assigned to the San Diego Sector Smuggling Interdiction Group (SIG) were conducting anti-smuggling activities in the Pine Valley, California near Interstate 8. Pine Valley, California is a rural town located thirteen miles north of the United States/Mexico international border, and approximately eight miles east of the Tecate, California Port of Entry. Pine Valley is also located two miles west of the U.S. Border Patrol immigration checkpoint in the westbound lanes of Interstate 8 in San Diego County, California. Illegal aliens routinely walk around the checkpoint to avoid inspection by immigration officers. Alien smugglers subsequently arrive at various predetermined locations west of the checkpoint along Interstate 8 to pick up and transport the illegal aliens towards San Diego, California in furtherance of their illegal entry into the United States. SIG agents were conducting operations in plainclothes and unmarked Bureau vehicles, observing traffic for various indications of alien smuggling. Supervisory Border Patrol Agent S. Lowe was located on Pine Valley Road, near Interstate 8 and observed a blue Chevrolet Astro van exit the eastbound lanes of Interstate 8 at Pine Valley Road. Agent Lowe observed one visible occupant in the front, driver seat, of the van. The driver of the van traveled north on Pine Valley Road and immediately re-entered Interstate 8 in the west bound lanes. Agent Lowe observed that the van was apparently heavily loaded, as evidenced by the slow return of the suspension as the van encountered dips and bumps on the on-ramp. The van leaned heavily to the left as the driver turned left onto the Interstate, also indicative of a heavily laden vehicle. Agent Lowe, suspecting that the van was loaded with illegal aliens, began to follow the vehicle at a discreet distance, making further observations. Agent Lowe broadcast his observations via Bureau radio to other SIG agents, who responded to assist in conducting an immigration inspection on the occupants of the vehicle.

The Chevy Astro van continued west on Interstate 8 from Pine Valley Road, traveling at variable speeds ranging from fifty to eighty miles per hour towards Alpine, California. Agent Lowe requested registration information for the California license plate displayed on the Chevy Astro van. The registered owner was listed as COOMARTS Auto Group of San Diego, California with an expired registration. Alien smugglers routinely utilize vehicles with auto dealer registrations and recent title transfers (release of liability). Supervisory Border Patrol Agents J. Hoffman and S. Wilson arrived in the area and assisted Agent Lowe and Senior Patrol Agents G. Medina Jr, and L. Guttierez in conducting surveillance of the Chevy Astro van. Agent Hoffman observed the driver of the van, and also observed that there was now a visible front seat passenger. SIG agents observed activity as consistent with counter-surveillance maneuvers. A gold Saturn sedan was seen traveling in tandem with the van. The vehicles continued north on I-805, merging with traffic and transitioning towards the inside (left) lanes. The driver of the gold Saturn suddenly exited the Interstate, crossing three lanes of traffic and exited at Clairmont Mesa Boulevard, westbound. Agents were unable to match the driver's manuever and passed the exit, maintaining surveillance of the Chevy Astro van, north on I-805. The driver of the Chevy Astro van continued north on I-805 until exiting at Nobel Road in San Diego, California.

Senior Patrol Agents B. Soto and D. Penta were positioned directly behind the Chevrolet Astro van as it exited. Agent Soto was driving the unmarked Ford Crown Victoria emergency vehicle. The driver of the

CONTINUATION RE:
Hugo Alfredo HERRERA-Munoz

Chevrolet van came to a complete stop at a red stop light on the off-ramp from I-805 at Nobel Drive. Agent Soto pulled in directly behind the Chevrolet Astro van and activated his emergency lights and siren, indicating to the driver to remain stopped. Agents Soto and Penta began to approach the Chevrolet Astro van to conduct an immigration inspection on the occupants of the vehicle. Agents Soto and Penta, while wearing plainclothes, displayed their Bureau issued Border Patrol badges and were wearing tactical vests displaying the words POLICE FEDERAL AGENT in three inch white lettering. The agents exited their vehicle and the driver of the Chevy Astro van immediately accelerated around traffic and turned north onto Nobel Drive. Agents Soto and Penta re-entered their Bureau vehicle and began pursuing the fleeing subjects in the Chevy Astro van. Agent Lowe activated his emergency equipment and traveled behind Agents Soto and Penta. The driver of the Chevrolet van failed to yield and attempted to abscond by accelerating away from agents. The Chevrolet van again approached stationary traffic that was blocking the lanes ahead at Miramar Road and Nobel Road. The driver suddenly stopped in the travel lanes and Agents Soto and Penta observed the driver exit the Chevrolet Astro van through the passenger side (left) of the van. A second indivdual that was seen seated in the front passenger seat also exited the van and attempted to abscond with the driver.

Agent Lowe immediately apprehended the front seat passenger, who was later identified as Abraham BECERRA-Saavedera. Agent Lowe identified himself as a Border Patrol agent in the Spanish language and questioned BECERRA as to his citizenship and immigration status. BECERRA said he was a citizen of Mexico and did not possess immigration documents allowing him to be, or remain, in the United States lawfully. Agents Soto and Penta subsequently apprehended the driver of the Chevy Astro van, who was later identified as defendant Hugo Alfredo HERRERA-Munoz. Agent Soto verbally identified himself as a Border Patrol agent to HERRERA in the Spanish language and questioned him as to his citizenship and immigration status. HERRERA said he was a citizen of Mexico, and did not possess immigration documents allowing him to be, or remain, in the United States lawfully. HERRERA and BECERRA were each arrested for unlawful entry into the United States. Agent Lowe observed nine individuals lying down in the rear passenger compartment of the Chevy Astro van. The occupants had attempted to open the rear door and exit the vehicle. Agent Lowe again identified himself as a Border Patrol agent in the Spanish language and questioned each of the occupants as to their citizenship and immigration status. The nine occupants each responded that he, or she, was a citizen of Mexico and none possessed immigration documents allowing them to be, or remain in the United States lawfully. Agents Lowe and Hoffman identified HERRERA as the person each agent observed driving the Chevy Astro van that failed to yield to Agent Soto. HERRERA and BECERRA were separated from the nine smuggled aliens found inside the van and were transported to the Chula Vista Border Patrol Station separately. The nine remaining smuggled aliens were transported to the Chula Vista Border Patrol Station for further processing.

**DEFENDANT STATEMENT:**

The defendant was advised of his Miranda rights and indicated that he understood his Miranda rights and was willing to answer questions without the presence of an attorney. The defendant stated he is that he is a native and citizen of Mexico. The defendant made smuggling arrangements with a smuggler known as "Piedra". The defendant was to be smuggled into the United States with a final destination of Los Angeles, California for a fee of $1,800.00 U.S. Dollars.

On November 2, 2007, the defendant was guided into the United States by the smuggler "Piedra" by hiking over the border and walking north through rural terrain in East San Diego County. Upon reaching a staging area near Interstate 8, the defendant claims that "Piedra" offered a discount of the defendant's smuggling fee if the defendant would drive the load vehicle. The defendant admits that he agreed to drive the load vehicle for the discount of his smuggling fee.

CONTINUATION RE:
Hugo Alfredo HERRERA-Munoz

The defendant claims that he and other aliens then boarded the blue Chevrolet van and the defendant drove behind a red-colored vehicle that would lead him to their destination while communicating by cellphone. The defendant admits that he realized he was being followed by a law enforcement officer in a black sedan with the emergency equipment activated.

### STATEMENT OF MATERIAL WITNESS Rogelio LOPEZ-Baez:

LOPEZ stated that he is citizen of Mexico without immigration documents allowing him to enter or remain legally in the United States. LOPEZ made smuggling arrangements with an unnamed man in Mexico to be crossed into the United States for the fee of $1,600.00 U.S. Dollars with the final destination of Los Angeles, California. LOPEZ stated he was part of a group of ten or eleven persons guided over the border and brought to a van. LOPEZ identified the defendant amongst a display of photographs of all eleven persons arrested from the van as the driver of the van. LOPEZ also stated that he could hear the sirens.

### STATEMENT OF MATERIAL WITNESS Jose Hugo MARTINEZ-Enriquez:

MARTINEZ stated that he is a citizen and national of Mexico without documents allowing him to enter or remain legally in the United States. MARTINEZ claims he made smuggling arrangements with an unnamed person in Mexico for the fee of $2,500.00 U.S. Dollars to be crossed into the United States with the final destination of the State of Oregon. MARTINEZ stated that he and other persons were taken to a ranch near the border in Tecate, Baja California, Mexico. Two footguides met with the group, one guide wearing a red sweatshirt. The guides brought the group north over the border through rural terrain until they reached the staging location alongside a highway. A vehicle arrived and a person yelled for MARTINEZ and the others to board. MARTINEZ claims that the subject in the red sweatshirt was now driving. MARTINEZ stated that the driver advised he thought they were being followed, and to run when he stopped. MARTINEZ identified the defendant amongst a display of photographs of all eleven persons arrested from the van as the driver of the van.

### STATEMENT OF MATERIAL WITNESS Hector GONZALEZ-Martinez:

GONZALEZ stated that he is a citizen and national of Mexico without documents allowing him to enter or remain legally in the United States. GONZALEZ claimed that his brother made smuggling arrangements for GONZALEZ to be crossed into the United States with the final destination of Oakland, California. GONZALEZ was to pay a smuggling fee of $1,600.00 U.S. Dollars. GONZALEZ stated that he met up with the footguides near Tecate, Baja, California. The group was brought to a location near the side of a highway where they waited. A vehicle arrived and all persons boarded with the footguide wearing the red sweatshirt as driver. GONZALEZ identified the defendant amongst a display of photographs of all eleven persons arrested from the van as the driver of the van, and footguide that led them through the hills.



**CONTINUATION RE:**
**Hugo Alfredo HERRERA-Munoz**

Executed on November 3, 2007 at 9:00 A.M.

_____
Ismael A. Canto
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 4 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on November 2, 2007, in violation of Title 8, United States Code, Section 1324.

_____          11-3-07 @ 10:44 a.m.
Peter C. Lewis                                    Date/Time
United States Magistrate Judge